# United States Court of Appeals
## For the First Circuit

No. 25-1138

STATE OF NEW YORK, et al.,

Plaintiffs, Appellees,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

Defendants, Appellants.

Before

Barron, <u>Chief Judge</u>,
Montecalvo and Rikelman, <u>Circuit Judges</u>.

**ORDER OF COURT**
Entered: February 11, 2025

   On January 31, 2025, the United States District Court for the District of Rhode Island issued an order granting the plaintiffs' Motion for a Temporary Restraining Order ("TRO"). On February 6, 2025, the District Court entered a text order extending the TRO. And, on February 10, 2025, the District Court granted the plaintiffs' Motion for Enforcement of the Temporary Restraining Order ("February 10 Order"). The defendants have appealed these orders. They have also filed with this Court two motions (contained within a single document) for, respectively, (1) a stay pending appeal, which they ask us to resolve by February 14, 2025, and (2) an administrative stay pending resolution of their motion for a stay pending appeal.[1] The sole motion we address in this order is the motion for an administrative stay.

   This Circuit has not addressed whether or when an administrative stay of the sort being requested here may be issued, and there is well-recognized uncertainty as to what standards guide the decision to issue one or not. See United States v. Texas, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring). Here, the defendants have requested a stay pending appeal from the District Court, which has not yet ruled on their motion. See Fed. R. App. P. 8(a)(1)(A) ("A party

---

[1] The defendants also state that "[e]ven if this Court were to conclude that the order is unappealable, the Court should exercise its discretion to treat this motion as a petition for a writ of mandamus."

must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal . . . ."); id. 8(a)(2)(A)(ii) (requiring, in the absence of a showing that "moving first in the district court would be impracticable," that the party moving for a stay pending appeal must "state that . . . the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action").  Moreover, a centerpiece of the dispute between the parties in this appeal concerns the proper way to construe the February 10 Order.  Finally, insofar as we have jurisdiction to consider this request for an administrative stay arising out of a temporary restraining order, cf. Off. of Pers. Mgmt. v. Am. Fed'n of Gov't Emps., AFL-CIO, 473 U.S. 1301, 1306 (1985) (Burger, C.J., in chambers) ("[S]ince the Court of Appeals was without jurisdiction over the appeal from the District Court's order denying the temporary restraining order, the motions panel was necessarily without authority to grant such a stay."), the defendants do not cite any authority in support of their administrative stay request or identify any harm related to a specific funding action or actions that they will face without their requested administrative stay.

       In these circumstances, we assume we have jurisdiction, see Doe v. Town of Lisbon, 78 F.4th 38, 44-45 (1st Cir. 2023), and deny the motion for an administrative stay without prejudice.  We are confident the District Court will act with dispatch to provide any clarification needed with respect to, among other things, the defendants' contention that the February 10 Order "bars both the President and much of the Federal Government from exercising their own lawful authorities to withhold funding without the prior approval of the district court."  We note in this regard the plaintiffs' statement in their Opposition to Defendants' Motion for Administrative Stay Pending Appeal that, consistent with the TRO, the February 10 Order "does not stop defendants from limiting access to funds without any 'preclearance' from the district court 'on the basis of the applicable authorizing statutes, regulations, and terms.'"  The parties may file any further memoranda in support of their positions on the motion for a stay pending appeal in this court by 5:00 PM on Thursday, February 13, 2025.

       By the Court:

       Anastasia Dubrovsky, Clerk

cc:  Hon. John J. McConnell, Hanorah Tyer-Witek, Clerk, United States District Court for the District of Rhode Island, Zachary A. Cunha, Eric Dean McArthur, Daniel Tenny, Brett Allen Shumate, Daniel S. Schwei, Brian James Springer, Andrew F. Freidah, Eitan R. Sirkovich, Freedom Cheteni, Kathryn M. Sabatini, Michael J. Myers, Rabia Muqaddam, Sarah Rice, Mark Stephen Grube, Leonard Giarrano IV, Colleen K. Faherty, Molly Thomas-Jensen, Zoe Levine, Christine Chuang, Christopher J. Kissel, Kenneth J. Sugarman, Lara Haddad, Marie E. Logan, Nicholas R. Green, Theodore McCombs, Laura Faer, Carly J. Munson, Alex Hemmer, Jeremy Feigenbaum, Angela Cai, Shankar Duraiswamy, Katherine B. Dirks, Turner Smith, Anna Esther Lumelsky, Joshua Bendor, Nathan T. Arrowsmith, Shannon Wells Stevenson, Jill Lacedonia, Michael Kenneth Skold, Vanessa L. Kassab, Andrew C. Mendrala, David D. Day, Kalikoonalani D. Fernandes, Jason David Anton, Adam D. Kirschner, Neil Giovanatti, Linus Banghart-Linn, Elizabeth Kramer, Heidi Parry Stern, Daniel P. Mosteller, Anjana Samant, Christina L. Beatty-Walters, Jonathan T. Rose, Andrew R.W. Hughes, Leah Brown, Aaron Bibb, Arthur West